MANATT, PHELPS & PHILLIPS, LLP
Jill M. Pietrini (Bar No. CA 138335)
  jpietrini@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
Shawn G. Hansen (Bar No. CA 197033)
  shansen@manatt.com
Ryan S. Hilbert (Bar No. CA 210549)
  rhilbert@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

EZRA BRUTZKUS GUBNER LLP
Mark Brutzkus, Esq. (Bar No. CA 128102)
  mbrutzkus@ebg-law.com
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 936-0349

*Attorneys for Plaintiff*
JERRY LEIGH OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JERRY LEIGH OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRAGON CROWD GARMENT, INC. DBA COLORFAST APPAREL, INC., a California corporation, LOWDOWN DISTRIBUTION, INC. DBA COLORFAST APPAREL, INC., a California corporation, and Does 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-6056 DSF (JCGx)<br><br>Referred to Magistrate Judge Jay C. Gandhi<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT. |

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed, by and among all parties in this action, through the parties' respective counsel of record, that discovery in, and litigation of, this action (and any further actions among these parties) may involve requests for the production of information and documents that the responding parties consider to be confidential, proprietary or competitively sensitive. The parties believe that a protective order restricting the use and dissemination of confidential, proprietary, and competitively sensitive information and documents is necessary and appropriate to facilitate discovery and litigation in this action. The parties also believe that such an order is necessary and appropriate to enable the parties to conduct discovery of non-parties that may have similar concerns regarding their confidential, proprietary or competitively sensitive information and documents.

Accordingly, it is hereby stipulated and agreed by and among the parties in the above-entitled action, through the parties' respective counsel, as follows:

1. Any confidential information or documents produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Confidential-Outside Counsel Only" or "Confidential-Attorneys' Eyes Only" (referred to herein as "Outside Counsel Only"). As a general guideline, any information that is publicly available should not be designated as "Confidential" or "Outside Counsel Only." A document should be designated "Confidential" when it contains or reflects confidential business information, relating to information which the disclosing party or non-party reasonably believes in good faith contains, constitutes or reveals information of a confidential, proprietary, private or personal nature.

2. Information or documents designated "Outside Counsel Only" shall be limited to trade secrets or other confidential commercial information, including without limitation information that the disclosing party or non-party reasonably believes in good faith will result in competitive disadvantage or harm if disclosed to another

party or third party to this action. Such information or documents shall include, without limitation, non-public customer lists, financial information relating to pricing, gross revenue and profits for products, marketing plans or strategies, business plans, pricing plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, manufacturing processes, engineering and manufacturing drawings, employee files, merchandising, research and development of products and technical matters not yet released or sold, financial information or projections, including, without limitation, budgets, net worth, identity of shareholders, or other documents relating to total revenue earned, and asset information that is not public knowledge.

3. Information designated "Confidential" and "Outside Counsel Only" may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Protective Order.

4. Any party or non-party wishing to come within the provisions of this Protective Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Outside Counsel Only" by the producing party, and any confidential documents exchanged prior to this Protective Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each such page, if such markings do not include every such page. It is the intent of the parties that each document previously designated as "Confidential" and "Outside Counsel Only" and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Protective Order. "Confidential" and "Outside Counsel Only" documents or things that cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

5. In the instance of deposition testimony, the witness under deposition or his counsel shall invoke the provisions of this Protective Order in a timely manner and designate the level of restriction. During the deposition, parties shall be excluded from testimony designated "Outside Counsel Only." The witness under deposition or his counsel shall have the right, within fifteen days of receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof. For depositions with some confidential and some non-confidential documents or testimony, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter. Counsel for the party asserting that certain documents or testimony is confidential shall endeavor to characterize the level of confidentiality for the confidential material or testimony during the deposition.

6. Any documents, discovery responses or deposition transcripts stamped or marked "Outside Counsel Only," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Outside Counsel Only" may be made available only to:

    a. Outside counsel of record for the receiving party and employees of such attorneys on a need to know basis;

    b. Judges, law clerks and other personnel of the Court before which this proceeding is pending;

    c. Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party ten days prior to disclosure to such expert;

    d. Court reporters and their staff that are required to transcribe testimony; and

    e. Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

Notwithstanding the provisions of Paragraph 6, specifically identified

information, documents, testimony, or other confidential materials marked "Outside Counsel Only" may be disclosed to principals or general counsel of the receiving party on upon obtaining prior written consent from the party that designated the materials "Outside Counsel Only". A request to disclose "Outside Counsel Only" materials to principals or general counsel of the receiving party shall identify with specificity the materials marked "Outside Counsel Only" each individual to whom the materials are to be disclosed, and the position of each such person. However, the parties receiving materials marked "Outside Counsel Only" under this paragraph may not receive copies of any documents, testimony, or other confidential materials marked "Outside Counsel Only". The parties recognize that the disclosure of such confidential material to the principals or general counsel of the parties may be critical to the ability to proceed in this case and analyze and participate in settlement discussions.

7. Any documents, discovery responses or deposition transcripts stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

    a. Representatives of the parties on a need to know basis;

    b. Outside counsel of record for the receiving party and employees of such attorneys on a need to know basis;

    c. Judges, law clerks and other personnel of the Court before which this proceeding is pending;

    d. Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven days prior to disclosure to such expert;

    e. Court reporters and their staff that are required to transcribe testimony; and

    f. Outside litigation support vendors, including commercial

1  photocopying vendors, scanning services vendors, coders and keyboard operators.

2      8.    Written notice of intention to provide information or documents to
3  experts pursuant to Paragraphs 6(c) and 7(d), shall be provided by facsimile or
4  email seven days before the intended disclosure and shall specify the identity of the
5  individual(s) to whom the intended disclosure will be made, and that person's
6  occupation and employer. If there is a written objection within the seven-day
7  period and the objection is not resolved between counsel, the party seeking
8  disclosure shall not disclose the information or documents, but shall have the right
9  to bring the dispute before the Court for resolution *strictly pursuant to L.R. 37*. The parties shall not
10  unreasonably object to the disclosure of information and documents to experts
11  pursuant to Paragraph 6(c) and 7(d). The party objecting to the disclosure shall
12  have the burden of showing why the information or documents should not be
13  disclosed to the identified expert. The parties further agree that an expert whose
14  identity is disclosed pursuant to this paragraph cannot be deposed regarding any
15  subject related to this litigation, unless the expert has been designated as a testifying
16  expert by the retaining party.

17      9.    For purposes of this Protective Order, an expert witness shall not be
18  deemed to be "independent" if he or she is (a) a party to this litigation, or an officer,
19  shareholder, owner, manager, partner, distributor, seller, retailer, licensee,
20  manufacturer, advertiser, independent contractor, affiliate, director, employee,
21  former employee or contractor, or relative of a party to this litigation, or a party's
22  parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or
23  affiliate; or (b) an officer, shareholder, owner, manager, partner, distributor, seller,
24  retailer, licensee, manufacturer, advertiser, independent contractor, affiliate,
25  director, employee, former employee or contractor, or relative of a direct
26  competitor to a party to this litigation, or the competitor's parent, subsidiary,
27  predecessor-in-interest, successor-in-interest, related entity or affiliate.

28      10.    Each person permitted by the parties or their counsel to have access to

designated information or documents under the terms of this Protective Order (other than the persons identified in Paragraphs 6(a), 6(b), 6(d)), and 6(e) and 7(b), 7(c), 7(e), and 7(f) shall, prior to being given such access, be provided with a copy of this Protective Order for review. Upon receiving this Protective Order, each person shall sign a statement in the form of **Exhibit A** hereto indicating that he or she has read the Protective Order and agrees to comply with its terms.

11. The restrictions set forth in this Protective Order shall not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or its agents that would be in violation of this Protective Order.

12. Any document or evidence that is designated as containing "Confidential" or "Outside Counsel Only" information and that a party wishes to file with the Court shall be presented to the Court along with a written application and proposed order for filing under seal strictly according to the procedures set forth in Local Civil Rule 79-5.1. Furthermore, any such document or evidence so presented to the Court shall be placed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the instant action, and a statement substantially in following form:

> CONFIDENTIAL
>
> This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.

~~Any other party shall be permitted to file a supporting or supplemental brief within four business days of the initial motion for filing under seal being filed.~~ All papers and filings with the Court that refer or rely upon any document or evidence filed under seal shall designate the particular aspects that are confidential.

13. If, at any time during the preparation for trial, any party believes that

any other party or non-party has improperly designated certain information as "Confidential" or "Outside Counsel Only" or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, and the producing party does not agree to change the designation or to the further disclosure after meeting and conferring in good faith, the objecting party may make an appropriate motion to the Court *directly pursuant to L.R. 37,* requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Protective Order or be available to specified other persons. It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated. It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary.

14. In the event that a party is served with a subpoena or discovery request by any person, firm, corporation, or other entity that is not a party to this action, is not a signatory to this Protective Order or otherwise is not bound by this Protective Order that seeks to compel production of "Confidential" or "Outside Counsel Only" information or documents, the party upon whom the subpoena or discovery request is served shall give written notice to the party that has asserted that the information or documents subject to the subpoena or discovery request are "Confidential" or "Outside Counsel Only." The written notice required by this paragraph shall be given no later than four days after receipt of the subpoena or discovery request, or before the production date set forth in the subpoena or discovery request, whichever is earlier.

The party who designated the subject information or documents as "Confidential" or "Outside Counsel Only" shall have the responsibility to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party

upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Protective Order.

15. In the event that a party serves a subpoena to any person, firm, corporation, or other entity that is not a party to this action, is not a signatory to this Protective Order or otherwise is not bound by this Protective Order, the party will serve a copy of such subpoena request on all parties to this action consistent with the serving party's obligations under the Federal Rules of Civil Procedure. Upon receipt of the documents and information produced in response to the subpoena, any party who believes that such documents or information are "Confidential" or "Outside Counsel Only" shall have ten (10) business days to provide all parties to this action with written notice that specifically designates which produced documents and/or information, if any, are designated "Confidential" or "Outside Counsel Only." Documents and information produced in response to the subpoena shall be treated as "Outside Counsel Only" documents and information until such a designation, if any, is made.

The provisions in this Paragraph 15 only apply to those documents and information produced in response to a subpoena that any party believes are "Confidential" or "Outside Counsel Only" and wishes to have designated as such.

16. The Protective Order may be modified only in writing by the parties and

approved by an order of the Court, or by motion to the Court.

17. In the event that this case proceeds to trial, all information or documents designated as "Confidential" or "Outside Counsel Only" will become public and presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

18. Within ninety days of termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall: (a) assemble and return all designated materials, including copies, to the person(s) and entity(ies) from whom the material was obtained, or (b) destroy all designated materials and provide the other party with written certification that such destruction was made. The attorney of record may retain one copy of any designated materials, to be kept confidentially, and retain all copies of designated materials containing attorney work product information.

19. In the event any party discloses material containing confidential information, but that such party inadvertently did not designate as "Confidential" or "Outside Counsel Only," the receiving party agrees, upon request by the disclosing party, to return the un-designated material promptly, for reproduction by the disclosing party with the appropriate confidentiality, or to mark the material directly with the confidentiality designation requested by the disclosing party.

20. If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity, the producing party may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity and request that the document be returned to the producing party. The receiving party shall immediately return to the producing party all copies of such document and shall return or destroy all excerpts and summaries thereof. Return of the document by the receiving party shall not constitute an admission or concession, or permit any

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

1 inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, common interest privilege or work product immunity, nor shall it foreclose the receiving party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, common interest privilege, or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production. The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to any other documents, testimony or evidence.

21. This Protective Order shall not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

Dated: January 12, 2011

By: /s/ Shawn G. Hansen
Jill M. Pietrini
Shawn G. Hansen
Ryan S. Hilbert

EZRA BRUTZKUS GUBNER LLP
Mark Brutzkus, Esq. (Bar No. CA 128102)

*Attorneys for Plaintiff*
JERRY LEIGH OF CALIFORNIA, INC.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

|  |  |
|---|---|
| 1 | KIRTON & McCONKIE |
| 2 | |
| 3 | Dated: January 12, 2011   By: /s/ James T. Burton |
|   | James B. Belshe (*pro hac vice*) |
|   | James T. Burton (*pro hac vice*) |
| 4 | 1800 Eagle Gate Tower |
|   | 60 East South Temple |
| 5 | Salt Lake City, UT 84111 |
|   | (801) 328-3600 |

Sterling A. Brennan (Bar No. CA 126019)
WORKMAN NYDEGGER
20 Grace Lane
Trabuco Canyon, CA 92679

*Attorneys for Defendants*
DRAGON CROWD GARMENT, INC.,
LOWDOWN DISTRIBUTION, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 1-12-2011

Hon. Jay C. Gandhi
United States Magistrate Judge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

12

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT FOR OTHERS

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Outside Counsel Only" within the terms of the Protective Order entered in the action styled *Jerry Leigh of California, Inc. v. Dragon Crowd Garment, Inc. dba Colorfast Apparel, Inc.*, currently pending in the United States District Court for the Central District of California, Case No. CV 10-6056 DSF (JCGx).

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

4. I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Dated:_____

Name:_____

300186249.1